John D. Bennett, J.
In this discovery proceeding and á determination of the validity of a claim, examinations of the respondent were heH pursuant to CPLR article 31 and SOPA 2103.
0. Raymond Radigan, Deputy Chief Clerk of this court, pursuant to an order of this court, acted as Referee and supervised said examinations and made necessary rulings. The petitioner’s attorney inquired of the respondent concerning a possible homosexual relationship between the decedent and the respondent, which he claims may have a bearing on an issue of undue influence.
When the petitioner’s attorney inquired about said relationship, the respondent’s attorney objected on various grounds. He was overruled by the Referee and the witness was directed *134 to answer. The respondent’s attorney then, on behalf of his client, invoked the privileges afforded under the Fifth Amendment to the United States Constitution. The Referee sustained the position of the respondent solely as to the issue of whether the Fifth Amendment may be invoked but reserved decision and submitted the matter to the court for decision on the question of whether the witness would be required to answer any questions concerning said alleged relationship if the transactions inquired of took place at a time which would now be barred from prosecution because of the Statute of Limitations, and also whether the court would grant immunity to the respondent and therefore direct him to answer the inquiry.
The relationship between the respondent and the decedent is an issue in this proceeding, and the petitioner is entitled to inquire whether said relationship was such that the respondent was able to unduly influence the decedent in making gifts and transfer of property to respondent (Matter of Kaufman, 20 A D 2d 464, affd. 15 N Y 2d 825). The alleged acts of the respondent with the decedent would constitute a Class B misdemeanor (Penal Law, § 130.38) and, pursuant to CPL 30.10, prosecution must be commenced within two years after the commission thereof. Accordingly, the court directs the respondent to answer any questions- regarding his relationship with the decedent that transpired prior to two years from the date of the examination of the respondent. As to any transactions thereafter, since the decedent is dead and the respondent has already indicated his intention to invoke privileges afforded him under the Fifth Amendment to the United States Constitution, it is very unlikely there would be any proof to support a conviction for any acts that he may have committed with the decedent.
Because the issue of undue influence is a serious issue in this proceeding, the court grants the respondent immunity pursuant to CPL article 50 and directs him to answer the questions posed to him by the attorney for the petitioner concerning his relationship with the decedent. Accordingly, he may no longer invoke the privileges afforded under the Fifth Amendment to the Constitution.
This court is -using the caption “ Matter of Anonymous ” for the purpose of protecting the name of the decedent and other parties.